THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COUNTY TRANSPORTATION COMPANY, INC., Defendant.

Third Department, June 29, 1951.

*Sherman C. Ward, Acting Counsel to Public Service Commission (Richard C. Llope of counsel), for plaintiff.*

*Edward R. Brumley* and *James D. O'Neill* for defendant.

Coon, J. This is a controversy submitted on stipulated facts pursuant to section 546 of the Civil Practice Act.

The parties seek to determine the right of the plaintiff to collect a penalty from the defendant under the Public Service Law because of the failure of the defendant to obtain approval of the Public Service Commission for the issuance of a conditional sales contract.

The solution of the controversy does not turn upon any minor particular of the submitted facts. The question seems to be general. The defendant is a New York omnibus corporation operating bus lines in both intrastate and interstate transportation, and concededly is subject to the general jurisdiction of the New York State Public Service Commission. It purchased ten new busses and executed a conditional sales contract for $128,000 to secure part of the purchase price. It did not apply for or obtain the permission of the Public Service Commission of the

State to issue the contract. Section 62 of the Public Service Law requires, in general, the authorization of the Public Service Commission for an omnibus corporation to issue " stocks, bonds or other evidences of indebtedness." It is conceded that the amount and terms would otherwise bring this conditional sales contract within the statute, but it is the first contention of the defendant that a conditional sales contract is not an " other evidence of indebtedness " within the meaning of the Public Service Law. The defendant would interpret those words to mean " other *such*," or "other *similar* " evidence of indebtedness, and confine the regulation to " securities " of the usual negotiable type. The Legislature, however, did not say that. Nor has the Legislature changed the language during the twenty years the law has been operative. The law has been interpreted consistently by its administrators to include conditional sales contracts as to intrastate omnibus corporations. Unless the statute clearly prohibits it, the interpretation uniformly adopted and enforced by the agency charged with the administration thereof, should be sustained.

It undoubtedly is the primary purpose of section 62 to protect investors in securities of public utilities, but there are other objectives. There is a public interest in the possibility of sudden repossession of busses, interruption of service, and the general financial responsibility of a public utility operating under a franchise from the State.

The other contention of the defendant is that because Congress has authorized the Interstate Commerce Commission to regulate interstate omnibus corporations, the State is precluded from doing so. No one disputes that Congressional regulation covering the particular situation involved here, if exercised, would be exclusive.

It is urged that there is a conflict of laws. We see no conflict. The Interstate Commerce Commission has ruled that a conditional sales contract does not come within the provisions of a Federal act similar but not identical with section 62 of the State act. (*Lehigh Valley R. R. Co. Conditional Sale Contract*, 233 I. C. C. 359; Interstate Commerce Act, Part I, § 20a; U. S. Code, tit. 49, § 20a.) Defendant concedes that this ruling is not binding upon the State of New York, its agencies, or this court. It means only that defendant did not, and was not required to, obtain any authorization from the Interstate Commerce Commission. There is no Federal regulation at all. Because there conceivably *could* be does not constitute a conflict until it arises. The State of

New York, in that situation, is not treading upon any ground reserved exclusively for Federal regulation, and it may regulate, as it sees fit, its own corporation to which it has granted a franchise to operate as a public utility.

There is nothing in the present case to indicate any extra burden upon interstate commerce, and we do not feel that such a question is seriously involved.

As this controversy was submitted in good faith by both parties to obtain a construction of the law, the penalty should be nominal. Judgment should be granted to plaintiff for the sum of $50, and without costs.

FOSTER, P. J. HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Judgment granted to plaintiff for the sum of $50, but without costs.